Lewis, Ch. J.
delivered the opinion of the court, There are two substantial and incurable defects in this indictment.
1. It doth not state that the prosecutor was seised at the time, &c. not even by implication, and this is necessary to be stated.(a) Bacon, tit. Forcible Entry and detainer, E. vol. 2. p. *561, 562, 566, Oro. Jac. 214. [*129] Sir Nicholas Poynt’s Case. Ibid. 639. Bridge’s Case.
2. It does not state any entry peaceable, or forcible by defendant, which must be stated; for without an entry, it does not appear but the party was in possession a sufficient length of time to justify his detaining by force. Bacon, tit. Forcible Ent. and Det. E. or vol. 2, 562, 566 ; Cro. Jac. 19, 20.151. 1 Hawk. c. 64. s. 40.
From the general discretionary power this court has in *182 these cases, they may set a restitution aside, and award a re-restitution (whenever it shall appear that restitution hath been illegally awarded) either for insufficiency, or defect in the indictment, or other cause. 2 Bac. For. But. and Det. letter G-. p. 565.
I am, therefore, of opinion, the motion be granted. It was decided in this court in the case of Beebe and others ads. The People (Jan. term, 1802,) that if the indictment be bad, re-restitution must follow of course; and in that case the indictment was quashed, and re-restitution awarded. But this is not within any of the statute provisions for costs, and none are recoverable. The statute (1 Rev. Laws, 104,) gives costs only when the party indicted traverses the indictment and is convicted; and no traverse is returned, or stated in the present case. (a)
The judgment of the court is, that the indictment and proceedings be set a side, and a writ of re-restitution awarded, without costs on either side.
Motion granted, without costs.(b)

 But had a seisin of the prosecutor, at the time of entry, been alleged, even by implication, it would have been sufficient. Wroth and Capel’s Case, 3 Leon. 102, 4 Leon. 191. As if the indictment had stated that the defendant “entered, expelled and disseised” the prosecutor. Ubi sup. Though where it only set forth the entry, and that the defendants held out the prose» cutor “disseised, expelled and ejected,” the indictment was quashed, be cause the expulsion, &c., were not positively stated. The King v. Dorny, Salk. 260. A seisin must be shown though the entry be on a lessee, in which case it is stated as on the freehold of B. in the possession of A The Queen v. Taylor, 7 Mod. 128. An entry on a “ tenement ” is too uncertain. Wroth and Chapel's Case, ubi sup. It must be stated to have been on the seisin of those having the legal estate. Therefore, in an indictment for a forcible entry, &c., on a church, it must show the entry, or the seisin of the legal trustees. The People v. Runkle, 8 Johns. Rep. 464. A certiorari is grantaWs, of course, without any special cause. The People v. Runkle, 8 Johns. Rep. 534.
See also The People v. Runkle, 9 J. R. 147; The People v. Van Nostrand, 9 Wen. 51; The People v. Nelson, 13 J. R. 340; The People v. Reed, 11 Wen 57 The People v. Godfrey, 1 Hall, 240; The People v. King, 2 Cai. R. 98.

а) A traverse to an indictment for a forcible entry and detainer need not be in writing, and the defendant may be found guilty of the detainer only. When the proceedings are under the 3d section of the act, the justice assesses the damages on ordering- restitution, and to give him cognizance it is not necessary that he go in person and view the force. The People v. Anthony, 4 Johns. Rep. 198. When he does, and under the first section records the force, the conviction upon his view is not traversable. Mather v. Hood. 8 Johns. Rep. 44. It is then his duty to impose.a fine; and a conviction, where the party is committed till a fine be paid without imposing one, is bad. The precedent in 3 Ld. Raym. 360, is on this account faulty. It is corrected in 2 Burn’s Just.. 351, but see a good form in Mather v. Hood, vbi sup.
See Fitch v. The People, 16 J. R. 141.

 Brooks v. Hunt, 3 Caines’ Rep. 128; Jackson v. Woodworth lb, 136.